UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON WAYNE PERRY,

    Plaintiff,

v.

KATHY HONTON,

    Defendant,
_____/

Civil Action No. 05-71977-DT
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Milton Wayne Perry's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently confined at the Parr Highway Correctional Facility in Adrian, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995).

1

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Even where a prisoner has paid the full filing fee, a court may properly dismiss the action prior to service pursuant to § 1915A. *Id.* at 604-05*; See also Benson v. O'Brian,* 179 F. 3d 1014, 1016 (6th Cir. 1999). In other words, the screening procedures which have been established for prisoner civil actions by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding *in forma pauperis. Randolph v. Campbell,* 25 Fed. Appx. 261, 263 (6th Cir. 2001).

In this case, plaintiff has paid the full filing fee of $ 250.00. However, notwithstanding the full payment of the filing fee, the court must dismiss the case if it finds that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Mullins v. Smith*, 14 F. Supp. 2d 1009, 1011 (E.D. Mich. 1998).

### III. Complaint

The complaint alleges that plaintiff's criminal conviction was affirmed by the Michigan Court of Appeals on November 25, 2003.[1] Plaintiff sought legal assistance from

---

[1] Plaintiff does not indicate in his complaint the crimes that he was convicted of. However, plaintiff has attached the first page of the Michigan Court of Appeals' opinion to his complaint, which indicates that plaintiff was convicted in the Washtenaw County Circuit Court of assault with intent to do great bodily harm, felonious assault, and aggravated assault.

another inmate to prepare an application for leave to appeal to the Michigan Supreme Court. On January 14, 2004, plaintiff gave his original application for leave to appeal, brief in support, and exhibits to Resident Unit Manager (RUM) Holden for copying. Because Holden's copy machine was not functioning, Holden informed plaintiff that he would send his original pleadings for copying to the defendant, the Head Librarian at the Reception and Guidance Center in Jackson, Michigan, where plaintiff was incarcerated at the time. Holden promised that the defendant would make the requisite copies of plaintiff's application for leave to appeal by January 15th or January 16th at the latest and return them to plaintiff.

On January 20, 2004, plaintiff informed Holden that he had not yet received back the copies of his application for leave to appeal, but claims that Holden merely "smirked" in reply. Plaintiff's resident unit manager, however, e-mailed the defendant on January 23, 2004 about the status of the copies. The defendant e-mailed back that the copies should be ready on Tuesday once she obtained access to a copier. On January 28, 2004, plaintiff was transferred to the Muskegon Correctional Facility without having received back the copies of his application for leave to appeal.

On February 17, 2004, plaintiff's assistant resident unit manager at the Muskegon Correctional Facility e-mailed the defendant about the status of plaintiff's legal materials. The defendant e-mailed back that: "I am still checking." In response to a second e-mail sent on April 12, 2004 by the same assistant resident unit manager, the defendant responded on April 14, 2004 by claiming that plaintiff's legal materials had been sent to him three weeks earlier and she did not know why he did not receive them.

Plaintiff wrote to the Muskegon Correctional Facility's mailroom concerning the wherabouts of his application for leave to appeal. On April 21, 2004, a person from the mail room staff informed plaintiff that as long as his legal materials had his name and identification on it, he should have received them.

Plaintiff has attached an affidavit of a fellow inmate, Richard L. Swift, who claims that he worked as a library clerk for the defendant. Swift claims in this affidavit that while working for the defendant, he discovered plaintiff's application for leave to appeal placed in a storage box in a storage room that he was asked to clear out.

Plaintiff claims that the defendant's failure to copy his application for leave to appeal and to return it to him denied him his right of access to the courts because it prevented him from being able to file an application for leave to appeal to the Michigan Supreme Court. Plaintiff seeks monetary damages.

### IV. Discussion

To establish an access to the courts violation under § 1983, a plaintiff must prove that the violation was intentional, not merely negligent. *See Wojnicz v. Davis,* 80 Fed. Appx. 382, 384 (6th Cir. 2003); *Garrison v. Corr,* 26 Fed. Appx. 410, 411 (6th Cir. 2001); *Ruiz v. Fisher*, 165 F. 3d 28, 1998 WL 661139, * 2 (6th Cir. September 2, 1998).

In the present case, plaintiff's allegations, at best, establish merely that the defendant may have been negligent in handling the copies of plaintiff's application for leave to appeal. Except for plaintiff's "empty allegations", plaintiff has presented no evidence that defendant acted deliberately or maliciously in failing to copy his application for leave to appeal to the

Michigan Supreme Court and returning it to him on time. *See Kampfer v. Vonderheide,* 216 F. Supp. 2d 4, 7 (N.D.N.Y. 2002). Conclusory unsupported allegations of a constitutional deprivation do not state a § 1983 claim. *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998). Plaintiff's complaint is therefore subject to dismissal.

Plaintiff's lawsuit is also subject to dismissal because plaintiff has failed to indicate the claims that he sought to raise in his application for leave to appeal to the Michigan Supreme Court. In order to state a claim for denial of meaningful access to the courts, a prisoner must plead and prove prejudice stemming from the asserted violation. *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996); *See also Boswell v. Mayer*, 169 F. 3d 384, 387 (6th Cir. 1999). Plaintiff's claim of actual prejudice in this case is entirely conclusory, because he has failed to to allege the exact nature of his frustrated claims that he wished to present to the Michigan Supreme Court. *See McCurtis v. Wood,* 76 Fed. Appx. 632, 634 (6th Cir. 2003). Simply put, plaintiff cannot prevail on his access to the courts claim, because he has failed to identify any non-frivolous claim in his application for leave to appeal that would have given the Michigan Supreme Court a reason to overturn his conviction. *See e.g. Moore-Bey v. Cohn,* 69 Fed. Appx. 784, 787 (7th Cir. 2003).

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN**

**BE GRANTED,** pursuant to 28 U.S.C. § 1915(A).

                                        s/Paul D. Borman  
                                        PAUL D. BORMAN  
                                        UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 11, 2005.

                                        s/Jonie Parker  
                                        Case Manager